POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
tprzybylowski@pomlaw.com

*Counsel for Movants Yen-Hsun Huang
and Scott Miller and Proposed Lead
Counsel for the Class*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUILLERMO SANCHEZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HÖEGH LNG PARTNERS LP, SVEINUNG J. S. STØHLE, HÅVARD FURU, and STEFFEN FØREID, <br><br> Defendants. | No.: 2:21-cv-19374-KM-JBC <br><br> MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF YEN-HSUN HUANG AND SCOTT MILLER FOR CONSOLIDATION, APPOINTMENT AS CO-LEAD PLAINTIFFS, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS <br><br> CLASS ACTION <br><br> Motion Date: February 7, 2022 |

{00478779;8 }

ARTHER F. ROIZMAN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

vs.

HÖEGH LNG PARTNERS LP, SVEINUNG J. S. STØHLE, HÅVARD FURU, and STEFFEN FØREID,

Defendants.

No.: 2:21-cv-19374-KM-JBC

{00478779;8 }

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ...............................................................................................7

    A.    Huang and Miller Should Be Appointed Co-Lead Plaintiffs................7

        1.    Huang and Miller Have the Largest Financial Interest in the Relief Sought by the Class.........................................................7

        2.    Huang and Miller Satisfy the Requirements of Rule 23.............9

    B.    Principia Is Inadequate Under Rule 23 .............................................11

    C.    Huang and Miller's Selection of Counsel Should Be Approved ........13

CONCLUSION.............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguilar v. Vitamin Shoppe, Inc.*,
   No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968
   (D.N.J. Apr. 25, 2018) ...........................................................................4, 8, 9, 13

*Allegheny Cty. Emples. Ret. Sys. v. Energy Transfer LP*,
   No. 20-200, 2020 U.S. Dist. LEXIS 27788 (E.D. Pa. Feb. 18,
   2020) .......................................................................................................5, 10

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800 (2018).................................................................................5

*Gross v. AT&T Inc.*,
   19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 225777 (S.D.N.Y.
   June 24, 2019).........................................................................................6, 12

*Haideri v. Jumei Int'l Holding, Ltd.*,
   No. 20-cv-02751-EMC, 2020 U.S. Dist. LEXIS 162510 (N.D. Cal.
   Sept. 4, 2020) .........................................................................................6, 12

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 CV 2394, 2019 U.S. Dist. LEXIS 298359 (N.D. Ill. Nov.
   15, 2019) .....................................................................................................12

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) .....................................................................7, 9

*Karp v. Diebold Nixdorf, Inc.*,
   19 Civ. 6180(LAP) *et al.*, 2019 U.S. Dist. LEXIS 188670
   (S.D.N.Y. Oct. 30, 2019) .............................................................................6

*Lawless v. Aurora Cannabis Inc.*,
   No. 20-13819, 2021 U.S. Dist. LEXIS 127153 (DN.J. July 7, 2021)
   ............................................................................................................2, 5, 8, 10

*Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*,
   No. 00-3605, 2000 U.S. Dist. LEXIS 16712 (D.N.J. Nov. 16,
   2000) .............................................................................................................2

*Montesano v. Eros Int'l PLC*,
   No. 19-14125 (JMV)(JAD) *et al.*, 2020 U.S. Dist. LEXIS 65909
   (D.N.J. Apr. 14, 2020) ....................................................................................11

*Piven v. Sykes Enters., Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000).............................................................12

*Sapir v. Averback*,
   Civil Action No. 14-CV-07331, 2015 U.S. Dist. LEXIS 24113
   (D.N.J. Feb. 26, 2015) ....................................................................................2, 8

*Silverberg v. Dryships Inc.*,
   17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563
   (E.D.N.Y. Aug. 21, 2018)................................................................................2, 8

*Sklar v. Amarin Corp. PLC*,
   Civil Action No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist.
   LEXIS 103051 (D.N.J. July 29, 2014) .........................................................4, 7, 9

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
   No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618 (N.D. Cal.
   Jan. 12, 2006).................................................................................................6, 12

*Smith v. Antares Pharma, Inc.*,
   No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964
   (D.N.J. July 27, 2018)..................................................................................2, 8, 13

*Strougo v. Lannett Co.*,
   No. 18-3635, 2018 U.S. Dist. LEXIS 203050 (E.D. Pa. Nov. 30,
   2018) ..............................................................................................................5, 10

## Statutes

Private Securities Litigation Reform Act of 1995 ............................................*passim*

## Rules

Fed. R. Civ. P. 23 ...............................................................................................*passim*

Movants Huang and Miller[1] respectfully submit this Memorandum of Law in further support of their motion for consolidation, appointment as Co-Lead Plaintiffs, and approval of their selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 19); and in opposition to the competing motions of: (i) Oscar Gonzalez ("Gonzalez") (Dkt. No. 17); (ii) Principia Limited ("Principia") (Dkt. No. 16); (iii) Earl Kelly, Amos Farrell, and Kelly Shamash (the "Kelly Group") (Dkt. No. 14); and (iv) Ray F. Anderson ("Anderson") (Dkt. No. 15).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in HMLP securities. As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant or group of movants with the greatest financial interest in the outcome of the Related Actions; and who satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). While the PSLRA does not define "financial interest," courts in

---

[1] All capitalized terms herein are defined in Huang and Miller's motion brief (Dkt. No. 19-2) unless otherwise specified.

[2] One other putative Class member, Mark Casebolt ("Casebolt"), initially filed a similar competing motion. Dkt. No. 18. On January 20, 2022, Casebolt filed a notice of non-opposition to the competing motions, acknowledging that "having reviewed the competing Lead Plaintiff Motions . . . [Casebolt] determined that he does not have the largest financial interest in this case." Dkt. No. 21 at 1.

this Judicial District generally consider a movant's claimed financial loss to be the most important factor in assessing financial interest within the meaning of the PSLRA. *See, e.g.*, *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *9 (D.N.J. July 27, 2018); *Sapir v. Averback*, Civil Action No. 14-CV-07331, 2015 U.S. Dist. LEXIS 24113, at *5 (D.N.J. Feb. 26, 2015) (citing *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605, 2000 U.S. Dist. LEXIS 16712, at *14 (D.N.J. Nov. 16, 2000)). Second to financial loss, courts in also consider net shares purchased (*i.e.* retained shares) in assessing financial interest. *See, e.g.*, *Lawless v. Aurora Cannabis Inc.*, No. 20-13819 (RMB/SAK), 2021 U.S. Dist. LEXIS 127153, at *6 (DN.J. July 7, 2021); *Silverberg v. Dryships Inc.*, 17-CV-4547 (SJF)(ARL), 2018 U.S. Dist. LEXIS 225563, at *13-*14 (E.D.N.Y. Aug. 21, 2018).

The following table compares Huang and Miller's financial interest to those of the competing movants before the Court:

| Movant(s) | Loss | Retained Shares |
|---|---|---|
| Huang and Miller | $867,989 | 82,273 |
| *Huang* | *$463,858* | *42,272* |
| *Miller* | *$404,131* | *41,011* |
| Gonzalez | $225,938 | 37,932 |
| Principia | $110,221 | 22,241 |
| Kelly Group | $95,502 | 35,500 |
| Anderson | $69,781 | 6,340 |

As the table reflects, assessed with reference to either monetary loss or retained shares, Huang and Miller have a significantly larger financial interest in this litigation than any competing movant. Huang and Miller incurred an aggregate loss of approximately *$867,989* in losses in connection with their purchases of HMLP securities as a result of the Company's alleged malfeasance—more than the losses of all competing movants ***combined***. Moreover, even considered individually, Huang and Miller alone each suffered a larger loss than any competing movant. Huang and Miller also retained a total of 82,273 shares at the end of the Class Period, with Huang retaining 42,272 and Miller retaining 41,011. Again, considered either in the aggregate or individually, Huang and Miller retained far more shares than any competing movant.

{00478779;8 }                                3

As such, by any relevant metric, considered either together or separately, Huang and Miller clearly have the largest financial interest within the meaning of the PSLRA of any putative Class member(s) seeking appointment as Lead Plaintiff.

Huang and Miller also satisfy the typicality and adequacy requirements of Rule 23. Huang and Miller, like all Class members, purchased HMLP securities at prices artificially inflated by the Company's misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirements of Rule 23. *See, e.g.*, *Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-cv-6454-KM-MAH, 2018 U.S. Dist. LEXIS 69968, at \*25-\*26 (D.N.J. Apr. 25, 2018); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW) (TJB), 2014 U.S. Dist. LEXIS 103051, at \*19-\*21 (D.N.J. July 29, 2014). Huang and Miller's significant losses give them a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Huang and Miller are aware of no conflict between their interests and those of the putative Class; and in Pomerantz, Huang and Miller have retained qualified and experienced class counsel. *See Aguilar*, 2018 U.S. Dist. LEXIS 69968, at \*26-\*27; *Sklar*, 2014 U.S. Dist. LEXIS 103051, at \*19-\*21.

Moreover, Huang and Miller constitute an appropriate group of two investors for appointment as Co-Lead Plaintiffs, and as such the Court should consider their

aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing small groups as lead plaintiffs, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". Additionally, the appointment of groups of class members seeking joint appointment as lead plaintiffs is expressly permitted by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and district courts within the Third Circuit, including this Judicial District, have expressly recognized the propriety of appointing small, cohesive groups as lead plaintiffs. *See, e.g.*, *Aurora Cannabis*, 2021 U.S. Dist. LEXIS 127153, at *15 (appointing "relatively small group of three investors" to serve as lead plaintiffs, "not[ing] that the appointment of a small group of individuals as lead plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment."); *Allegheny Cty. Emples. Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 U.S. Dist. LEXIS 27788, at *11 (E.D. Pa. Feb. 18, 2020) (appointing group of unrelated investors to serve as lead plaintiffs after assessing its ability "to function as a cohesive and independent unit to protect and advance the interests of the class"); *Strougo v. Lannett Co.*, No. 18-3635, 2018 U.S. Dist. LEXIS 203050, at *11-*12 (E.D. Pa. Nov. 30, 2018) (same).

By contrast, Principia has failed to establish its adequacy under Rule 23. Rule 23's adequacy inquiry requires an assessment of whether a movant is, in fact, capable of representing the interests of the class. *Karp v. Diebold Nixdorf, Inc.*, 19 Civ. 6180(LAP) *et al.*, 2019 U.S. Dist. LEXIS 188670, at *15-16 (S.D.N.Y. Oct. 30, 2019). Here, Principia has provided no information about itself or its principal—for example, any information about the source of its capital or biographical information, or any attestations regarding its understanding of the Lead Plaintiff role or its willingness to assume it—that would enable the Court to assess its adequacy. Courts routinely deny motions by movants, like Principia, who provide no meaningful information about themselves. *See*, *e.g.*, *Gross v. AT&T Inc.*, 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 225777 (S.D.N.Y. June 24, 2019); *Haideri v. Jumei Int'l Holding, Ltd.*, No. 20-cv-02751-EMC, 2020 U.S. Dist. LEXIS 162510, at *12-13 (N.D. Cal. Sept. 4, 2020); *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *10-12 (N.D. Cal. Jan. 12, 2006).

For the reasons set forth herein, Huang and Miller respectfully submit that their motion should be granted in its entirety, and that the competing motions should be denied.

## ARGUMENT

### A.   Huang and Miller Should Be Appointed Co-Lead Plaintiffs

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *Sklar*, 2014 U.S. Dist. LEXIS 103051, at *15-*16.   Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).   Here, the most adequate class representatives are Huang and Miller.

### 1.   Huang and Miller Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District recognize that the amount of financial loss is the most significant factor to

be considered.  *See Antares Pharma,* 2018 U.S. Dist. LEXIS 126964, at *9 ("The Court finds that [movant] is the presumptively most adequate plaintiff because [it] suffered the greatest loss, the factor that carries the most weight in the Court's analysis."); *Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *15-*16 (equating largest financial interest with largest claimed loss); *Sapir*, 2015 U.S. Dist. LEXIS 24113, at *5 ("The determination of which candidate has the largest loss is by far the most important factor in determining who should be the lead plaintiff." (citing *Honeywell*, 2000 U.S. Dist. LEXIS 16712, at *14)).

Second to monetary loss, courts also consider the number of shares retained at the end of the class period in assessing financial interest.  *See, e.g.*, *Aurora Cannabis*, 2021 U.S. Dist. LEXIS 127153, at *6 (considering net shares purchased alongside loss in evaluating financial interest); *Dryships*, 2018 U.S. Dist. LEXIS 225563, at *13-*14 (same)

As the chart at p. 3 illustrates, Huang and Miller have the largest financial interest by a significant margin, considered either in terms of monetary loss or retained shares.  Huang and Miller's aggregate loss of $867,989 is larger than the losses of all competing movants ***combined***.  Moreover, Huang and Miller's individual losses of $463,858 (Huang) and $404,131 (Miller) are both larger than the losses of any competing movant.  By comparison, the movant with the next largest loss after Huang and Miller incurred a significantly smaller loss of only

{00478779;8 }                                  8

$225,938.  Similarly, Huang and Miller retained far more shares at the end of the Class Period considered either together (83,273) or separately (42,272 and 41,001, respectively) than any competing movant.

## 2.    Huang and Miller Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Huang and Miller have also made the requisite *prima facie* showing that they satisfy the typicality and adequacy requirements of Rule 23.  *See Cendant*, 264 F.3d at 263-64; *Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *25-*27; *Sklar*, 2014 U.S. Dist. LEXIS 103051, at *19-*21.

First, Huang and Miller's claims satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See, e.g.*, *Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *25-*26; *Sklar*, 2014 U.S. Dist. LEXIS 103051, at *19-*21. Second, Huang and Miller satisfy the adequacy requirement of Rule 23(a)(4) because they have a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class and, as discussed in greater detail below, they have selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Co-Lead Counsel for the Class.  *See Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *26-*27; *Sklar*, 2014 U.S. Dist. LEXIS 103051, at *19-*21.

As a small and cohesive group of two investors, Huang and Miller have further demonstrated their adequacy by submission of a Joint Declaration attesting to, *inter alia*, their backgrounds, their investment experience, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Co-Lead Plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See generally* Dkt. No. 19-8. Courts routinely appoint groups of investors as lead plaintiffs under such circumstances. *See, e.g.*, *Aurora Cannabis*, 2021 U.S. Dist. LEXIS 127153, at *15 (appointing "relatively small group of three investors" to serve as lead plaintiffs, considering the group's submission of a joint declaration in determining its adequacy and "not[ing] that the appointment of a small group of individuals as lead plaintiff has certain advantages over the appointment of a single individual, including avoiding the re-determination of lead plaintiff if an individual lead plaintiff is unable to serve or is deemed inadequate after appointment."); *Energy Transfer*, 2020 U.S. Dist. LEXIS 27788, at *11 (appointing group of unrelated investors to serve as lead plaintiffs and considering group's submission of joint declaration in assessing its ability "to function as a cohesive and independent unit to protect and advance the interests of the class"); *Lannett*, 2018 U.S. Dist. LEXIS 203050, at *11-*12 (same).

* * * *

Because Huang and Miller have the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, they are the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Huang and Miller to appointment as Lead Plaintiff, the PSLRA requires "*proof*" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## B.     Principia Is Inadequate Under Rule 23

In addition to possessing the largest financial interest in the litigation, the "most adequate plaintiff" of the Class must also satisfy the adequacy and typicality requirements of Rule 23 (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)).  Here, Principia claims a lesser financial interest in this litigation than Huang and Miller, which alone mandates denial of his motion.  However, Principia has also failed to demonstrate its adequacy within the meaning of Rule 23, which would also require that Principia's motion be denied, irrespective of its financial interest.

While the requisite adequacy showing at the lead plaintiff appointment stage is admittedly *prima facie* (*see*, *e.g.*, *Montesano v. Eros Int'l PLC*, No. 19-14125 (JMV)(JAD) *et al.*, 2020 U.S. Dist. LEXIS 65909, at *10 (D.N.J. Apr. 14, 2020)), a lead plaintiff movant still must provide enough information for a court to actually

assess the movant's ability to manage the litigation, and a mere boilerplate recitation of the legal standard in a movant's briefing does not meet that standard. *See*, *e.g.*, *AT&T*, 2019 U.S. Dist. LEXIS 225777, at \*5-\*6 (denying motion where movant "failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation"); *Haideri*, 2020 U.S. Dist. LEXIS 162510, at \*12-13 (denying motion by investors who "provided *no* information about themselves" with their motion papers, finding that group's subsequent proffer in additional filings was "conclusory and problematic" and reflected a "lack of involvement" in the litigation) (emphasis in original); *Smajlaj*, 2006 U.S. Dist. LEXIS 97618, at \*10-12 (rejecting investor's motion for appointment as lead plaintiff, despite a presumption in its favor for having the greatest financial interest in the litigation, after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 298359, at \*13 (N.D. Ill. Nov. 15, 2019) (denying motion where "[t]he complete dearth of information accompanying the [movants']

{00478779;8 }                                                    12

lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation").

Here, in stark contrast with the detailed proffer set forth in Huang and Miller's Joint Declaration (*see generally* Dkt. No. 19-8), Principia has provided the Court with no information about itself, its principal, or its understanding of the responsibilities of a lead plaintiff. This non-existent proffer falls well short of even the minimal *prima facie* adequacy showing required at this stage. Principia's wholesale failure to establish its adequacy to serve as Lead Plaintiff mandates denial of his motion.

### C.     Huang and Miller's Selection of Counsel Should Be Approved

The PSLRA vests authority in Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiffs' selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Antares Pharma*, 2018 U.S. Dist. LEXIS 126964, at *9-*10 (deferring to lead plaintiff's choice of co-lead counsel); *Aguilar*, 2018 U.S. Dist. LEXIS 69968, at *32-*34 (same).

Here, Huang and Miller have selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous

{00478779;8 }                                          13

securities litigations and securities fraud class actions on behalf of investors.  *See*

Dkt. No. 19-9.  Thus, the Court may be assured that by approving Huang and Miller's

selection of counsel, the members of the Class will receive the best legal

representation available.

**CONCLUSION**

For the foregoing reasons and for the reasons set forth in their moving brief

(Dkt. No. 19-9), Huang and Miller respectfully request that the Court grant their

motion in its entirety and deny the competing motions.

Dated:  January 24, 2022                    Respectfully submitted,

                                            POMERANTZ LLP


                                            */s/ Thomas H. Przybylowski*
                                            Thomas H. Przybylowski
                                            Jeremy A. Lieberman
                                            (admitted *pro hac vice*)
                                            J. Alexander Hood II
                                            (admitted *pro hac vice*)
                                            600 Third Avenue, 20th Floor
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (917) 463-1044
                                            tprzybylowski@pomlaw.com
                                            jalieberman@pomlaw.com
                                            ahood@pomlaw.com

                                            *Counsel for Movants Yen-Hsun Huang*
                                            *and Scott Miller and Proposed Lead*
                                            *Counsel for the Class*

THE SCHALL LAW FIRM
Brian Schall
(*pro hac vice* application forthcoming)
Los Angeles, California 90067
Telephone: (310) 301-3335
brian@schallfirm.com

*Additional Counsel for Yen-Hsun Huang and Scott Miller*

{00478779;8 }                                    15